United States District Court
District of Massachusetts

| | |
|---|---|
| Brotherhood of Maintenance of Way Employees Division of the International Brotherhood of Teamsters,<br><br>  Plaintiff,<br><br>  v.<br><br>Keolis Commuter Services, LLC<br><br>  Defendant. | Civil Action No.<br>23-10587-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from an arbitration between a labor union, Brotherhood of Maintenance of Way Employees Division of the International Brotherhood of Teamsters ("plaintiff," "the Teamsters" or "the Union"), and a railway carrier, Keolis Commuter Services, LLC ("defendant," "Keolis" or "the Railway"). Now pending before the Court are the parties' cross-motions for summary judgment. For the reasons set forth herein, plaintiff's motion will be denied and defendant's motion will be allowed.

I. **Background**

In 2016, plaintiff and defendant entered a collective bargaining agreement to negotiate certain terms of employment. Three years later, the parties amended their agreement by executing a memorandum of agreement ("MOA"). The MOA contained

- 1 -

a "me-too" provision whereby, if the Railway entered into an agreement with another labor union that offered more favorable wages or benefits, the Railway was required to confer the same benefits, or their economic equivalents, to the Union.

Between December, 2019, and March, 2020, the Railway entered into agreements with three other labor unions. A dispute arose over whether the wages and benefits conferred by those agreements were more favorable than the existing agreement between the parties and, therefore, whether the Railway is required to confer additional benefits to the Union.

Consistent with the procedure set forth in the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq., the parties took their dispute before a Special Board of Adjustment ("SBA"). Such boards are appointed to arbitrate disputes over the interpretation or application of labor agreements between the Union and "representatives" such as the Railway here.

In October 2021, the SBA issued an arbitration award requiring the Railway to match or exceed any provision of its agreements with other unions that are "greater [in] economic value." The SBA further held that the MOA requires the Railway to present evidence of the "economic value" of any wage increase in a subsequent agreement with other unions to determine whether the "me-too" provision in the MOA, in fact, applies.

Keolis later submitted proposals to the Teamsters that purportedly gave it the opportunity to accept the general wage adjustment "as it related to the economic value of the MOA." The Teamsters claims, however, that the proposals failed to compare "the economic value of the other unions' agreements" and that the term "economic value" includes both the "current value" and "terminal value" of the agreements with other unions. Keolis argues, to the contrary, that "economic value" refers only to the "current value."

Plaintiff subsequently filed a petition in this Court seeking to enforce the arbitration award pursuant to 45 U.S.C. § 153 and to compel defendant to provide it with sufficient information to determine the true "economic value." The Railway previously moved to dismiss the petition, which this Court denied, and both parties have since filed cross-motions for summary judgment. The Union contends that there is no material dispute of fact as to the Railway's failure to provide sufficient information to determine economic value and the Railway rejoins that this Court lacks subject matter jurisdiction over the parties' dispute which should therefore be resolved at the SBA.

## II. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a

genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party satisfies that burden, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

### III. Analysis

Because the Railway contends that this Court lacks subject matter jurisdiction, that issue must be addressed first. See EMC Corp. v. Chevedden, 4 F. Supp. 3d 330, 333 (D. Mass. 2014) (recognizing subject matter jurisdiction as threshold question that must be decided before the merits of the case).

Generally, a federal district court has jurisdiction under the RLA to review labor disputes such as the one before this Court. 45 U.S.C. § 154. The RLA recognizes two iterations of such disputes: "major disputes" and "minor disputes." Elgin, J. & E. Ry. Co. v. Burley, 325 U.S. 711, 723 (1945); Consol. Rail Corp. v. Ry. Lab. Exec.'s Ass'n, 491 U.S. 299, 303 (1989). Whether a dispute is properly classified as a major or minor dispute is "central to . . . understanding . . . the dispute resolution procedures of the RLA" and the appropriate jurisdiction for such disputes. Nat'l R.R. Passenger Corp. v. Int'l Ass'n of Machinists & Aerospace Workers, 915 F.2d 43, 49 (1st Cir. 1990). If a dispute is "minor," the SBA has exclusive jurisdiction to adjudicate its merits through mandatory arbitration. Bhd. of Locomotive Eng'rs v. Springfield Terminal Ry. Co., 210 F.3d 18, 23 (1st Cir. 2000); Airline Pilots Assn's Int'l v. Pan Am. Airways Corp., 405 F.3d 25, 33 (1st Cir. 2005); Stephney v. MBTA, No. 07-10650-RCL, 2008 WL 11451996, *4 (D. Mass. July 7, 2008). If a dispute is "major," however, it is not subject to mandatory arbitration before an SBA and can instead be heard on a petition to a federal district court. Id.

To determine whether a dispute is major or minor, courts do not simply rely on the causes of action alleged. Andrews v. Louisville & Nashville R.R. Co., 406 U.S. 320, 323-24 (1972). Were that so, plaintiffs could "make an end-run around the . . .

RLA by the use of an ingeniously framed complaint." De la Rosa Sanchez v. E. Airlines, Inc., 574 F.2d 29, 31 (1st Cir. 1978). Instead, the proper inquiry requires the Court to determine whether the parties' dispute relates to an already-existing agreement. Elgin, J. & E. Ry. Co., 325 U.S. at 723. If the dispute concerns "the meaning or proper application of a particular provision" in an already-existing agreement, the dispute is minor and should be resolved at the SBA. Id. (emphasis added); Adames v. Exec. Airlines, Inc., 258 F.3d 7, 11 (1st Cir. 2001). Minor disputes include disagreements over how to interpret a term used in an arbitration award, provided the term is "ambiguous" such that it is legitimately subject to multiple interpretations. Airline Pilots Assn's Int'l, 405 F.3d at 33; Stephney v. MBTA, 2008 WL 11451996, *4.

By contrast, a dispute is "major" if it arises from a conflict "over the formation of . . . agreements" between the parties "or efforts to secure [an agreement]". Elgin, J. & E. Ry. Co., 325 U.S. at 723 (emphasis added). Consequently, a major dispute concerns matters "not even arguably covered" by an existing agreement, either because the parties seek to "change the terms" of their agreement or because "there is no such agreement" between the parties. Bhd. of Locomotive Eng'rs, 210 F.3d at 23; Nat'l R.R. Passenger Corp., 915 F.2d at 49.

Here, the Railway asserts that its dispute with the Union is minor and that therefore this case should be resolved at the SBA because the parties disagree over the meaning of "economic value" as that term is used by the SBA in construing the MOA. According to the Union, economic value includes both the "current value" and "terminal value" of subsequent agreements with other unions, while the Railway avers that economic value includes only the "current value." The arbitration award by the SBA does not, however, define economic value or indicate whether it includes both current and terminal value.

In similar instances, the First Circuit Court of Appeals and other sessions of this Court have been consistent in recognizing that a dispute over the interpretation of an undefined term in an award is a minor dispute and therefore requires remand to the SBA. See, e.g., Nat'l R.R. Passenger Corp. v. Int'l Ass'n of Machinists & Aerospace Workers, 915 F.2d 43, 50 (1st Cir. 1990) (concluding that dispute over appropriate compensation as defined in parties' agreement was minor dispute requiring remand); Adames v. Exec. Airlines, Inc., 258 F.3d 7, 10 (1st Cir. 2001) (similar); see also, e.g., Monaghan v. Cent. Vt. Ry., Inc., 404 F. Supp. 683, 690 (D. Mass. 1975) (finding term "time lost" in arbitration award, when not defined by SBA, was ambiguous and thus created a minor dispute); accord Stephney, 2008 WL 11451996 at *4 (broadly defining ambiguity to

include "any difference arising as to the meaning . . . of the provision of an award").

Likewise, other federal courts have reached the same conclusion and remanded cases for further proceedings when specifically faced with a term that could be interpretated as requiring different methods of calculation. See, e.g., Everett v. USAir Group, Inc., 927 F. Supp. 478 (D.D.C. 1996) (finding disagreement over method for calculating pension benefits was a minor dispute requiring remand), aff'd, 194 F.3d 173 (D.C. Cir. 1999); Brotherhood of Locomotive Firemen & Enginemen v. N.Y., N.H. & H.R. Co., 296 F. Supp. 1044, (D. Conn. 1968) (finding dispute over meaning of "pay rate" and whether to use "one way basis" or "turn around basis" method for calculating employee travel expenses was a minor dispute requiring remand to SBA).

This case is of the same ilk. Because the parties' dispute is not about application of the MOA and the award but rather as to the meaning of a term within it, there is a minor dispute. See Elgin, J. & E. Ry. Co., 325 U.S. at 723; Bhd. of Locomotive Eng'rs, 210 F.3d at 23. Nothing in the MOA or arbitration award offers guidance as to the meaning of "economic value." In the absence of such guidance, this Court cannot determine whether "economic value" encompasses both current and terminal value, regardless of the parties' contentions. See Monaghan, 404 F. Supp. at 690 ("[A]mbiguities and uncertainties of labor

arbitration awards should not be resolved by the court acting as interpreter."). Instead, "the proper approach is to resubmit the arbitration award" for further proceedings. See Monaghan, 404 F. Supp. at 690. This case will therefore be dismissed and this matter should be resolved at the SBA.

The Union proffers two arguments in opposition to dismissal, both of which are unavailing. First, it contends that defendant should be estopped from asserting a lack of subject matter jurisdiction but cites no case law in support of such an estoppel defense. Cf. Hastings v. Wilson, 516 F.3d 1055, 1060 (8th Cir. 2008) (rejecting estoppel argument in dispute arising under RLA). To the contrary, the law is "well-settled that interpretation of [a CBA] remains firmly in the arbitral realm" and courts can exercise jurisdiction only if a dispute "do[es] not require construing [a CBA]." Adames, 258 F.3d at 16; accord Union Pac. R.R. v. Sheehan, 439 U.S. 89, 91 (1978) (indicating that court's jurisdiction to review arbitration award under the RLA is "among the narrowest known to the law").

The Union also responds that the Railway's argument as to the existence of a minor dispute is baseless and contrary to its past actions. To assert that a minor dispute exists, however, a carrier need only show that its reading of the disputed term at issue is not "totally implausible." Me. Cent. R.R. Co. v. United Transp. Union, 787 F.2d 780, 782 (1st Cir. 1986). The Railway

has done so here. Nothing in the agreement itself indicates whether "economic value" includes both "current value" and "terminal value" and any determination to that effect must be made by the SBA, not this Court. The fact that the Railway may have urged a different interpretation of "economic value" in the past does not alter the necessity of remand. See Bhd. of Locomotive Eng'rs, 210 F.3d at 33-34 (affirming district court's conclusion that argument was not "totally implausible" even where company engaged in some past practices to the contrary).

Because the parties present this Court with a "minor dispute" over the meaning of the ambiguous term "economic value," this Court is without jurisdiction to enforce previous arbitration award at this stage. See Stephney, 2008 WL 11451996 at *4. Accordingly, the Court will not address additional arguments presented by the cross-motions for summary judgment presented by the parties but will allow Railway's cross-motion for summary judgment and the parties may refer the case to the SBA for resolution. See Children's Hosp. Corp. v. Kindercare Learning Centers, Inc., 360 F. Supp. 2d 202, 207 (D. Mass. 2005).

## ORDER

For the foregoing reasons,

1) the cross-motion for summary judgment of defendant, Keolis Commuter Services, LLC, (Docket No. 42) is **ALLOWED**;

2) the cross-motion for summary judgment of plaintiff, Brotherhood of Maintenance of Way Employees Division of the International Brotherhood of Teamsters, (Docket No. 46) is **DENIED**.

**So ordered.**

                                                                                   /s/ Nathaniel M. Gorton
                                                                                   Nathaniel M. Gorton
                                                                                   United States District Judge

Dated: April 22, 2025